IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CAROL TUCKER,
    Plaintiff,

vs.                              Case No.: 3:08cv238/RS/MD

ANN LEHR O'HERN,
GEICO Staff Counsel, et al.
    Defendants.
_____

### ORDER and
### REPORT AND RECOMMENDATION

This cause is before the court upon plaintiff's complaint (doc. 1) and motion to proceed *in forma pauperis* (doc. 2).  Upon review of the complaint, the court concludes that this court lacks subject matter jurisdiction, and that dismissal of this case is warranted.

### BACKGROUND

Plaintiff has brought this civil action against two members of GEICO Indemnity Company's legal staff, alleging that these persons are violating her civil and constitutional rights in the processing of an interpleader action filed by GEICO in Leon County Court to determine entitlement to a portion of plaintiff's insurance settlement.[1]  In the instant action, plaintiff seeks the following relief from this Court:

> **A.  That Petition for Writ of Mandamus (or whatever Order is appropriate) be immediately issued ordering that this case in its entirety be transferred to this Federal court in the Pensacola Division, as it has become apparent that a situation of gross bias exists against**

---

[1] Apparently, plaintiff's former attorney asserted a lien against plaintiff's settlement in the amount of $1,500 for attorney's fees.  (Doc. 1, pp. 9-11, 84-87).

**me in Leon County Courts, and in consideration that I am ill, in pain, can no longer work, am uninsured and without complete and proper health care, and have no income other than $135.19 from Florida Retirement Systems (FRS), and $162 monthly in food stamps. Considering the travesty of justice in this case by Leon County Courts, there is no point in my filing a Counterclaim against GEICO and a Cross-Claim against Hall in Leon County Court, since Leon County Court has repeatedly made it abundantly clear that they are biased against me and intend to continue to violate my civil and constitutional rights. Also, Leon County Clerk of Court has taken to "communicating" with me solely through the Docket, refusing to acknowledge and respond to e-mails, or via US Mail, and they have made a notation on the Docket that a Brief from me is due in this case on Monday, June 16th, 2008. Again, there is no point in this case continuing in Leon County Court, since it has been made abundantly clear by Leon County courts that this matter will continue to not be heard and conducted fairly and without bias;**

**B. That this Court immediately issue the appropriate sanctions and issue Orders to Leon County Court mandating that the full and complete Court Minutes from the March 10th, 2008 Hearing and May 1st, 2008, Status Conference Hearing that was held in spite of the fact that I informed Leon County Court that I could not participate, be immediately provided to me and to this Court, in accordance with my civil and constitutional rights (5 U.S.C., § 702);**

(Doc. 1, pp. 17-18). Plaintiff further requests that upon issuance of the writ of mandamus and transfer of the Leon County case to this Court, the instant complaint be served upon the defendants, all parties in this matter be required to communicate via e-mail, and summary judgment be entered against the defendants for compensatory and punitive damages. (*Id.*, pp. 18-19).

Essentially, plaintiff seeks mandamus relief directing the Leon County Court and its officers to transfer the state court case to this Court and transcribe the minutes from two hearings. Federal mandamus is available only to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361; *see also Bailey v. Silberman*, 226 Fed. Appx. 922, at *2 (11th Cir. 2007). Although federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law, 28 U.S.C. § 1651, a federal court lacks the general power to issue

writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973).[2]  In the present case, neither the defendants named in plaintiff's complaint nor the officers of the Leon County Court are officers or employees of the United States or any agency thereof.  This Court does not have jurisdiction to grant the only relief plaintiff requests.

Accordingly it is ORDERED:

Plaintiff's motion to proceed *in forma pauperis* (doc. 2) is GRANTED.

And it is respectfully RECOMMENDED:

That this cause be DISMISSED for lack of jurisdiction, and the clerk be directed to close the file.

At Pensacola, Florida this 13th day of June, 2008.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit before the close of business on September 30, 1981.

*Case No: 3:08cv238/RS/MD*